PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea for Consent Judgment and Entry of Final Order of Discipline. We have jurisdiction of this original proceeding pursuant to Article V, Section 15, Florida Constitution.
In its petition, The Florida Bar has sub-, mitted the following synopsis of the case as contained in the complaint:
Respondent has submitted a conditional guilty plea to the two-count complaint filed in this case in exchange for a consent judgment for disbarment from the practice of law. The respondent has further agreed that he will not seek readmission until he makes restitution to any and all injured clients whether they are from this proceeding or as otherwise might be discovered. Finally, the respondent has agreed to pay costs of the proceeding.
The first count of the complaint charged that he had been retained in July 1973 by a Mr. and Mrs. W. M. McCrae, to represent them in the sale of certain real property which they owned in Femandi-na Beach, Florida. The sale, priced at $350,000, ultimately failed due to a default under the terms of the purchase and sale agreement by the buyer. However, prior to the default, the buyer through his attorney delivered a July 28, 1973, binder check for $5,000 payable to the McCraes to respondent’s law office as part of the terms of the contract. The remainder of this sale was to be financed by $45,000 being tendered at closing and a purchase money mortgage and note.
*845 After receiving the check, the respondent forged the signatures of his clients and deposited the proceeds in his office checking account at the State Bank of Kingsland in Kingsland, Georgia. The account was not a trust account. Although respondent continued to represent the clients for the next two years on this transaction, it never was consummated. However, he did receive a $45,000 cashier’s check as required under the terms of the transaction. In August 1975, he sent his clients the cashier’s check and left the United States without making any arrangements for substitute counsel. The respondent has never accounted for or turned over to the McCraes any of the $5,000 binder check to which they were entitled. His bank account at the State Bank of Kingsland does not contain any funds with which to pay the McCraes. The respondent was indicted on similar facts by the Nassau County grand jury on charges of grand larceny with prosecution being delayed due to his absence from the country. Finally, the Clients’ Security Fund of The Florida Bar paid the McCrae family $5,000 in December 1976. As charged his conduct violated Disciplinary Rules 1-102(A)(3), 1-102(A)(4), 1-102(A)(6), 2-110(A)(2), 9-102(A) and 9-102(B) of The Florida Bar’s Code of Professional Responsibility and Rules 11.02(3)(a) and 11.02(4) of The Florida Bar’s Integration Rule.
The second count of the complaint charged the respondent with misdeeds in an estate case. In December 1974 he entered into an employment contract with Mrs. Evelyn Barber of Waycross, Georgia, in regard to representing her in claiming a dower interest in the estate of her late husband which was probated in Nassau County, Florida.
On August 12,1975, Mrs. Barber signed a receipt and release form and received from the respondent a cashier’s check for $217,622.28 which was her dower interest in the estate. Respondent then had her endorse the back of the check and falsely advised her he had to retain the check for additional probate purposes. The following day, he opened a clients’ account at the Atlantic National Bank of Jacksonville and deposited Mrs. Barber’s check into it. On August 18, 1975, the respondent withdrew approximately $21,774 of Mrs. Barber’s money and used it to pay several individuals to whom he was personally indebted and who had no relationship with his client. He also wrote himself a check for $3,226.23.
Approximately a week after giving respondent the check, Mrs. Barber and a friend confronted him about his handling of the matter and demanded that he return the money. Respondent admitted to Mrs. Barber that he had spent some of her money for his own personal use. The parties went to the Atlantic National Bank on August 19,1975, where he wrote her a check for $192,622.25. He gave her promissory notes for the remainder. Respondent left the country without paying the notes and contrary to his specific promise to Mrs. Barber. He has been indicted on similar facts by the Nassau County grand jury on charges of grand larceny with his prosecution being delayed by his absence from the country. Finally, the Clients’ Security Fund of The Florida Bar paid Mrs. Barber $20,000 on December 1976 due to the facts of this count. As charged, Respondent’s conduct violated Disciplinary Rules 1-102(A)(3), 1-102(A)(4), 1-102(A)(6) and 9-102(B)(4) of The Florida Bar’s Code of Professional Responsibility and Rules 11.02(3)(a) and 11.02(4) of the Integration Rule of The Florida Bar.
The Florida Bar in its complaint and petition for approval of conditional guilty plea prays that respondent be disbarred.
Upon consideration, the petition for approval of conditional guilty plea is granted and, based upon the facts set forth above, Mercury N. Kavouklis is hereby disbarred from the practice of law pursuant to Integration Rule 11.10(4), upon all of the terms and conditions set forth in the petition.
Costs in the amount of Three Hundred Five and 80/100 Dollars ($305.80) are here *846 by taxed against the respondent which he has agreed to pay if the plea is accepted.
It is so ordered.
OVERTON, C. J., and BOYD, SUND-BERG, HATCHETT and KARL, JJ., concur.